USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02.28.15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY GARVIN,

                Plaintiff,

-v-

WARDEN LUIS RIVERA, *et al.*,

                Defendants.

No. 13-cv-7054 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 ("section 1983") for injuries arising out of prison lockdowns that allegedly took place at the Anna M. Kross Center ("AMKC"), a prison facility on Rikers Island operated by the New York City Department of Correction (the "DOC"). Now before the Court is Defendants' partial motion to dismiss the Complaint, and Plaintiff's motion for the appointment of *pro bono* counsel. For the reasons set forth below, both parties' motions are denied without prejudice to renewal.

I. BACKGROUND[1]

    Plaintiff alleges that while he was an inmate at the AMKC prison facility, two administrative lockdowns took place in late July to early August of 2013 on the tier in which he was housed – one for five days and another for three to four days. (Compl. at 4.) During these alleged lockdowns, Plaintiff claims that he was deprived of: (1) hot water; (2) showers; (3) food;

---

[1] The facts are drawn from the Complaint, which are assumed to be true for purposes of Defendants' motion. (Doc. No. 2 ("Compl.").) *See, e.g., Regan v. New York State Local Ret. Sys.*, 406 F. App'x 568 (2d Cir. 2011).

(4) visits; (5) phones; (6) access to the law-library; and (7) sanitary cell conditions. (*Id.*) Plaintiff also alleges that on July 31, 2013, he was assaulted by correctional officers and denied medical treatment, ultimately suffering from: (1) a headache; (2) a swollen eye; (3) a laceration next to his eye; (4) stomach pain; (5) intense vomiting; (6) severe back pain; and (7) a bloody nose. (Compl. at 11.) As a result of the "mental duress, physical abuse, and emotional torture" caused by Defendants, Plaintiff seeks monetary damages of $750,000 and medical treatment. (Compl. at 12.)

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "provide the grounds upon which [the] claim rests." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns*, 493 F.3d at 98. However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a pleading that only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id*. at 570. Although the Court construes the Complaint liberally because Plaintiff is *pro se*, the complaint must still contain factual allegations that raise a "right to relief above the speculative level" in order to survive a motion to dismiss.

*Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

On a motion to dismiss, the Court may consider, in addition to the complaint itself, "any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (citations and quotation marks omitted); *see also Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

### III. DEFENDANTS' MOTION TO DISMISS

Defendants raise a number of grounds why Plaintiff's conditions of confinement and deliberate indifference claims must be dismissed – including his failure to allege that the lockdown was punitive in nature and his failure to allege deprivations that rise to the level of a constitutional violation.[2] As discussed below, the Court finds that while it appears from the face of the Complaints that Plaintiff has not complied with the administrative exhaustion requirement of the Prison Litigation Reform Act (the "PLRA"), Plaintiff should be given an opportunity to set forth facts that could excuse his failure to exhaust. Accordingly, the Court denies Defendants' motion to dismiss without prejudice to renewal as a motion for summary judgment on the issue of administrative exhaustion. Because Plaintiff's failure to exhaust administrative remedies would entirely dispose of Plaintiff's conditions of confinement and deliberate indifference claims, the Court does not reach the other grounds for dismissal urged by Defendants.[3]

---

[2] Defendants have not moved to dismiss Plaintiff's excessive force claims. (Doc. No. 25.)

[3] As discussed below, in the event that the Court denies summary judgment on the issue of administrative exhaustion,

The PLRA, which Congress passed to reform and streamline the consideration of prisoner lawsuits by federal courts, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Because the failure to exhaust administrative remedies is an affirmative defense, prisoner plaintiffs are "not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, a court may still dismiss a prison condition suit on a Rule 12(b)(6) motion if the allegations of the complaint show that the plaintiff has failed to comply with the administrative exhaustion requirement. *Id.* at 215–16 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. . . . [That administrative exhaustion need not be pleaded] is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim."). In other words, although a complaint cannot be dismissed for failing to plead that administrative remedies were exhausted, it *can* be dismissed if it pleads facts demonstrating that administrative remedies were *not* exhausted. *See Williams v. Dep't of Corr.*, No. 11-cv-1515 (SAS), 2011 WL 3962596, at *5 (S.D.N.Y. Sept. 7, 2011) ("Dismissal for failure to exhaust administrative remedies is appropriate where, on the face of the Complaint, it is clear that plaintiff did not exhaust such remedies.").

The DOC administers an administrative grievance procedure, the Inmate Grievance and Request Program ("IGRP"), for inmates at its facilities, including the AMKC. The IGRP, which is set forth in DOC Directive 3376, applies to grievances about the following prison conditions:

---

Defendants will be permitted to renew their motion to dismiss on these other grounds.

(1) clothing, (2) commissary, (3) correspondence/mail, (4) food, (5) housing, (6) law library, (7) mental and medical health complaints involving DOC personnel, (8) personal hygiene, (9) phone use, (10) recreation, and (11) religious observance and expression. IGRP App. A. Under the IGRP, a prisoner who wishes to file a grievance must file a form with IGRP staff within ten business days of the condition giving rise to the grievance. *Id.* §§ II.F, IV.B.1. IGRP staff are required to provide an "informal resolution" within five business days of receiving the form. *Id.* § II.F. The dispositions of IGRP staff are appealable through several layers of review, up to the DOC's Central Office Review Committee ("CORC"). *Id.* § II.G (providing for appeal of IGRP staff's disposition to Inmate Grievance Resolution Committee, then to facility's Commanding Officer, then to the CORC). The administrative process is complete only when the CORC has issued its disposition. *Id.* The decisionmakers at each level of review must issue their decisions within certain time limits, *id.* §§ IV.G.1, H.1, I.2, J.5.a–b, and an inmate may appeal if he "does not receive a timely disposition at any stage of the IGRP process," *id.* § IV.D.10.

Here, it is clear from the face of the Complaint that Plaintiff did not exhaust the IGRP procedure. Plaintiff specifically pleads that he initiated the administrative process by filing a grievance, but concedes that he did not appeal that decision. Specifically, in response to the question "Describe all efforts to appeal," Plaintiff wrote "N/A" because "nothing was done" following the filing of his grievance. (Compl. at 5.) Thus, Plaintiff did not exhaust administrative remedies, since he made no effort to continue the process after he received no response to his initial grievance.

However, the conclusion that Plaintiff failed to exhaust the IGRP procedure does not end the inquiry. Under certain circumstances, a plaintiff's failure to exhaust administrative remedies

may be excused. This inquiry is generally guided by the three-part framework established by the Second Circuit in *Hemphill v. New York*, which considers: (1) "whether administrative remedies were in fact available to the prisoner," (2) "whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense," and (3) "whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements." 380 F.3d 680, 686 (2d Cir. 2004).[4]

Here, the first *Hemphill* factor does not excuse Plaintiff's failure to exhaust: on the face of the Complaint, it is clear that administrative relief was available to Plaintiff through the IGRP process. "To be available under the PLRA, a remedy must afford the possibility of some relief for the action complained of." *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004) (internal quotation marks omitted). There can be no dispute that each of the conditions complained of by Plaintiff falls within one of the categories to which the IGRP applies. *See* IGRP App. A. Indeed, the Complaint all but concedes that the IGRP process was in fact available to Plaintiff, and that Plaintiff started the process by filing a grievance. (Compl. at 5.) The alleged unresponsiveness of

---

[4] Following the Supreme Court's decision in *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006), holding that the PLRA requires "proper exhaustion" of administrative remedies in "compliance with an agency's deadlines and other critical procedural rules," the Second Circuit has noted, without holding, that the second and third prongs of the *Hemphill* analysis – estoppel and special circumstances – may no longer be applicable. *See Amador v. Andrews*, 655 F.3d 89, 102 (2d Cir. 2011) ("We have questioned whether, in light of *Woodford*, the doctrines of estoppel and special circumstances survived." (citing cases)); *see also Dabney v. Pegano*, No. 13-3884, 2015 WL 664562 (2d Cir. Feb. 17, 2015). Nevertheless, the Second Circuit conducted a *Hemphill* analysis in *Amador* itself, 655 F.3d at 102–04, and district courts in this Circuit have continued to apply the *Hemphill* framework following *Woodford* and *Amador*, *see, e.g., Powell v. Corr. Med. Care, Inc.*, No. 13-cv-6842 (WHP), 2014 WL 4229980, at *2 n.3 (S.D.N.Y. Aug. 15, 2014) (collecting cases); *Stevens v. City of New York*, No. 12-cv-1918 (JPO) (JLC), 2012 WL 4948051, at *6 (S.D.N.Y. Oct. 11, 2012).

IGRP staff to Plaintiff's grievances does not alter the conclusion that administrative remedies were available to Plaintiff. As discussed above, the IGRP sets deadlines for each stage of the process – including a five-business-day turnaround time for informal resolutions by IGRP staff – and explicitly permits inmates to file appeals if they do not "receive a timely disposition at *any stage* of the IGRP process." IGRP § IV.D.10 (emphasis added). Courts in this Circuit have consistently held that the failure to take an available administrative appeal, even when the initial grievance receives no response, constitutes a failure to exhaust available administrative remedies. *See, e.g., Johnson v. New York City Dep't of Correction*, No. 13-cv-6799 (CM), 2014 WL 2800753, at *6 (S.D.N.Y. June 16, 2014) ("Assuming that Plaintiff filed a timely grievance . . . and received no response within five business days[,] . . . Plaintiff . . . could have taken the next step and requested a hearing."); *Leacock v. New York City Health Hosp. Corp.*, No. 03-cv-5440 (RMB) (GWG), 2005 WL 483363, at *7 (S.D.N.Y. Mar. 1, 2005) ("[T]hat [plaintiff] allegedly did not receive a response to her grievance does not excuse her from failing to exhaust the appellate remedies available to her."); *Burns v. Moore*, No. 99-cv-0966 (LMM) (THK), 2002 WL 91607, at *8 (S.D.N.Y. Jan. 24, 2002) ("Thus, even if Plaintiff received no response to his initial grievance, Plaintiff could have sought the next level of review, in this case, to the prison superintendent."). Accordingly, the Court finds that administrative remedies were available to Plaintiff.

Furthermore, the Complaint does not allege any facts that would excuse non-exhaustion under the second and third *Hemphill* factors – estoppel and special circumstances. There are no allegations that AMKC staff retaliated against Plaintiff or prevented him from pursuing administrative remedies, as would be necessary to support an estoppel argument.[5] *See Ruggiero*

---

[5] A plaintiff may also assert an estoppel argument if defendants fail to timely assert an administrative exhaustion

*v. Cnty. of Orange*, 467 F.3d 170, 178 (2d Cir. 2006). There are also no allegations of any special circumstances that would explain and justify Plaintiff's failure to complete the administrative process.

That said, the Court is mindful that, under *Bock*, plaintiffs "are not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. Thus, the Court cannot infer, from the mere absence of allegations that would support an estoppel or special circumstances argument, that no such arguments are available to Plaintiff. Where the merits of an administrative exhaustion defense cannot be determined from the face of a complaint, courts in this Circuit have frequently converted defendants' motions to dismiss to motions for summary judgment on the limited issue of administrative exhaustion. *See, e.g., McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003); *Stevens*, 2012 WL 4948051, at *3; *Lovick v. Schriro*, No. 12-cv-7419 (ALC) (RLE), 2014 WL 3778184, at *5 (S.D.N.Y. July 25, 2014). The Court takes that course here.

To be sure, some courts in this District and elsewhere have granted motions to dismiss in cases where, on the face of the complaint, it is clear that the prisoner plaintiff did not exhaust administrative remedies and where the complaint does not allege any facts supporting application of the *Hemphill* factors. *See, e.g., Jordan v. Fed. Bureau of Prisons*, No. 09-cv-8561 (ALC), 2013 WL 1143617, at *6 (S.D.N.Y. Mar. 19, 2013); *Martin v. City of New York*, No. 11-cv-600 (PKC) (RLE), 2012 WL 1392648, at *6–7 (S.D.N.Y. Apr. 20, 2012). However, this approach appears to be in tension with the Supreme Court's holding in *Bock* that prisoner plaintiffs are "not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. In the Court's

---

defense. *Hemphill*, 380 F.3d at 686. That branch of the estoppel inquiry is clearly not implicated here, since Defendants have raised their administrative exhaustion defense in this pre-answer motion to dismiss.

view, it is hard to reconcile the holding of *Bock* – that a plaintiff need not allege any facts about exhaustion *at all* – with the position that if a plaintiff alleges facts supporting an inference that he did not exhaust administrative remedies, he must then plead additional facts justifying his failure to do so under *Hemphill*. *Cf. Bailey v. Fortier*, No. 09-cv-0742 (GLS) (DEP), 2012 WL 6935254, at *5–6 (N.D.N.Y. Oct. 4, 2012) (noting this tension). Furthermore, it is unrealistic to expect a *pro se* plaintiff to know that the inclusion of facts reflecting his failure to exhaust administrative remedies triggers an affirmative duty to plead additional facts concerning the relevant *Hemphill* factors that would excuse his failure to exhaust. Absent a clear directive from the Supreme Court or the Second Circuit, the Court declines to impose such a draconian pleading requirement. Accordingly, the Court denies Defendants' motion to dismiss without prejudice to renewal as a Rule 56 motion for summary judgment on the issue of administrative exhaustion.[6]

### IV. PLAINTIFF'S APPLICATION FOR PRO BONO COUNSEL

On May 5, 2014, Plaintiff applied for the appointment of *pro bono* counsel. (Doc. No. 30.) Plaintiff previously made two applications for appointment of *pro bono* counsel, one which was denied by Judge Schofield by Order dated November 4, 2013 and the other which was denied by this Court by Order dated April 2, 2014. (Doc. Nos. 6 & 20.) The Court concludes that its prior determination from the April 2 Order – that the balance of the *Hodge* factors weigh against the appointment of counsel at this time – remains the case. The expected next steps in this litigation will involve Defendants' summary judgment motion on Plaintiff's failure to exhaust administrative

---

[6] Because the administrative exhaustion issue is likely dispositive of Plaintiff's conditions of confinement and deliberate indifference claims, the Court does not address the other grounds for dismissal raised in Defendants' motion to dismiss. Defendants may renew their motion to dismiss on those grounds, if necessary, once the Court has ruled on the administrative exhaustion issue.

remedies. This will require Plaintiff to respond to Defendants' statement of material fact pursuant to Local Civil Rule 56.1 ("56.1 statement") and set forth facts justifying his failure to exhaust under the three-pronged *Hemphill* analysis. The Court has no reason to doubt Plaintiff's ability to represent himself in this regard or to conduct discovery with respect to the excessive force claim that remains. Accordingly, Plaintiff's application for appointment of counsel is denied without prejudice to renewal.

## V. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT Defendants' partial motion to dismiss is denied without prejudice to renewal as a motion for summary judgment on the issue of administrative exhaustion. The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry 23.

IT IS FURTHER ORDERED THAT Plaintiff's application for appointment of *pro bono* counsel is denied without prejudice to renewal at a later point if additional grounds for the application are presented to the Court. Any renewed application should be accompanied by an affidavit establishing facts supporting the *Hodge* factors. The Clerk of the Court is respectfully directed to also terminate the motion pending at docket entry 30.

IT IS FURTHER ORDERED THAT Defendants shall file their motion for summary judgment no later than March 27, 2015. Plaintiff shall respond, if at all, no later than April 24, 2015. Defendant shall reply, if at all, no later than May 1, 2015. The parties shall submit 56.1 statements in connection with Defendants' motion.

The Court reminds Plaintiff that failure to submit responsive 56.1 statements will be deemed an admission of the facts set forth in Defendants' 56.1 statement. Local Civil Rule 56.1(c).

The Court also reminds Plaintiff that he bears the burden of demonstrating exhaustion or excuse of exhaustion under the PLRA. Defendants shall serve Plaintiff with a copy of the notice required by Local Civil Rule 56.2, which Plaintiff should read carefully.

IT IS FURTHER ORDERED THAT discovery as to Plaintiff's conditions of confinement and deliberate indifference claims remains stayed pending resolution of Defendants' motion for summary judgment. However, IT IS FURTHER ORDERED THAT, by March 27, 2015, the parties shall submit a proposed case management plan and scheduling order as to discovery for Plaintiff's excessive force claim.

SO ORDERED.

Dated:   February 28, 2015
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

A copy of this Order was sent to:

Gregory Garvin
10-R-1092
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011-0149