USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _06.29.15_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY GARVIN,

                              Plaintiff,

          -v-                                                    No. 13-cv-7054 (RJS)
                                                                 OPINION AND ORDER

WARDEN LUIS RIVERA, *et al.*,

                              Defendants.

RICHARD J. SULLIVAN, District Judge:

          Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C.

§ 1983 ("section 1983") for injuries arising out of prison lockdowns that allegedly took place at

the Anna M. Kross Center ("AMKC"), a prison facility on Rikers Island operated by the New York

City Department of Correction (the "DOC"). Now before the Court is Defendants' partial motion

for summary judgement on the grounds that Plaintiff failed to exhaust administrative remedies.

For the reasons set forth below, the motion is granted.

I. BACKGROUND[1]

          Plaintiff alleges that while he was an inmate at the AMKC prison facility, two

administrative lockdowns took place in late July to early August of 2013 on the tier in which he

was housed – one for five days and another for three to four days. (56.1 Stmt. ¶ 1.) Plaintiff claims

---

[1] The facts are drawn from Defendants' unopposed Local Rule 56.1 Statement. (Doc. No. 42 ("56.1 Stmt.").)

that, during these alleged lockdowns, he was deprived of: (1) hot water; (2) showers; (3) food; (4) visits; (5) phones; (6) access to the law-library; and (7) sanitary cell conditions. (*Id.*)[2]

The DOC has an administrative grievance procedure, known as the Inmate Grievance and Request Program ("IGRP"), which was available and in effect at all times relevant to this lawsuit. (*Id.* ¶ 3.) The IGRP requires that inmates first file a complaint with the Inmate Grievance Resolution Committee ("IGRC") within ten days of the complained-of act, that the IGRC attempt to resolve the grievance informally within five days, and if the grievance is not informally resolved, that the inmate may request a formal hearing before the IGRC. (*Id.* ¶ 3-5.) An inmate may appeal the IGRC's decision to the commanding officer, or his or her designee, and subsequent appeals may be taken to the Central Office Review Committee and Board of Correction. (*Id.* ¶ 6.) Finally, an inmate has the option of appealing and proceeding to the next level of review at any point throughout the grievance process should the grievance not be decided within the allotted time frame. (*Id.* ¶ 7.)

The Southern District of New York Prison Complaint form asks incarcerated plaintiffs to describe the grievance steps they took at their facility before they filed their lawsuit. In response to the question, "What was the result [of the grievance], if any," Plaintiff stated "nothing was done," but in response to the questions, "What steps, if any, did you take to appeal that decision," and "Describe all efforts to appeal to the highest level of the grievance process," Plaintiff wrote "N/A." (*Id.* ¶ 9-10.)

---

[2] Plaintiff also alleges that on July 31, 2013, he was assaulted by correctional officers and denied medical treatment. (Doc. No. 2 at 11.) Defendants are not moving for summary judgment on this excessive force claim at this time.

2

Plaintiff filed the Complaint on October 3, 2013. (Doc. No. 2.) On February 28, 2015, the Court issued an order denying Defendants' motion to dismiss without prejudice to renewal as a motion for summary judgment on the issue of administrative exhaustion because "it appears from the face of the Complaint that Plaintiff has not complied with the administrative exhaustion requirement of the Prison Litigation Reform Act." (Doc. No. 33.) On May 11, 2015, Defendants filed their partial motion for summary judgment. (Doc. No. 39.) Although the Court directed Plaintiff to submit an opposition brief and a responsive 56.1 statement by June 11, 2015 (Doc. No. 33 at 10; Doc. No. 35 at 2), Plaintiff has not submitted anything to date.[3]

## II. LEGAL STANDARD

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is "no genuine dispute as to any material fact" where (1) the parties agree on all facts (that is, there are no disputed facts); (2) the parties disagree on some or all facts, but a reasonable fact-finder could never accept the nonmoving party's version of the facts (that is, there are no genuinely disputed facts), *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); or (3) the parties disagree on some or all facts, but even on the nonmoving party's version of the facts, the moving party would win as a matter of law (that is, none of the factual disputes are material), *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether a fact is genuinely disputed, the court "is not to weigh the evidence

---

[3] Each of the Court's Orders has been mailed to the address listed by Plaintiff on ECF. However, it is Plaintiff's responsibility to alert the Pro Se Office of address changes. *See* Pro Se Litigation Manual at 6.

3

but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996). Nevertheless, to show a genuine dispute, the nonmoving party must provide "hard evidence," *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998), "from which a reasonable inference in [its] favor may be drawn," *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007) (internal quotation marks omitted). "Conclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), as well as the existence of a mere "scintilla of evidence in support of the [nonmoving party's] position," *Anderson*, 477 U.S. at 252, are insufficient to create a genuinely disputed fact. A moving party is "entitled to judgment as a matter of law" on an issue if (1) it bears the burden of proof on the issue and the undisputed facts meet that burden; or (2) the nonmoving party bears the burden of proof on the issue and the moving party "'show[s]' – that is, point[s] out . . . – that there is an absence of evidence [in the record] to support the nonmoving party's [position]," *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Furthermore, a "nonmoving party's failure to respond to a [Local Civil] Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible." *T.Y. v. New York City Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) (citing *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998)). Typically, assuming the other requirements of Rule 56 are met, the nonmoving party's failure to file a responsive 56.1 statement results in a grant of summary judgment. *See, e.g.*, *Millus v. D'Angelo*, 224 F.3d 137, 138 (2d Cir. 2000).

4

III. DISCUSSION

As the Court previously noted, "it appears from the face of the Complaint that Plaintiff has not complied with the administrative exhaustion requirement of the Prison Litigation Reform Act." (Doc. No. 33.)  Specifically, under the Prison Litigation Reform Act ("PLRA"), inmates bringing claims with respect to prison conditions under section 1983 must exhaust the administrative remedies that are available at that prison before proceeding in federal court.  42 U.S.C. § 1997e(a). To exhaust the administrative procedure at the AMKC, an inmate must appeal several layers of review, even if the inmate does not receive a timely disposition at the initial stages.  (56.1 Stmt. ¶ 3-7.)

Here, Plaintiff's Complaint establishes that he did not exhaust the AMKC administrative procedure.  (*Id.* ¶ 9-10.)  Rather, he stated that he filed a grievance but otherwise did not appeal his grievance or seek further review through the IGRP process.  (*Id.*)  Such allegations fail to satisfy the PLRA exhaustion requirement, as the law is well-settled that the failure to take an available administrative appeal, even when the initial grievance receives no response, constitutes a failure to exhaust available administrative remedies.  *See, e.g.*, *Johnson v. New York City Dep't of Correction*, No. 13-cv-6799 (CM), 2014 WL 2800753, at *6 (S.D.N.Y. June 16, 2014) ("Assuming that Plaintiff filed a timely grievance . . . and received no response within five business days[,] . . . Plaintiff . . . could have taken the next step and requested a hearing."); *Leacock v. New York City Health Hosp. Corp.*, No. 03-cv-5440 (RMB) (GWG), 2005 WL 483363, at *7 (S.D.N.Y. Mar. 1, 2005) ("[T]hat [plaintiff] allegedly did not receive a response to her grievance does not excuse her from failing to exhaust the appellate remedies available to her."); *Burns v. Moore*, No. 99-cv-0966 (LMM) (THK), 2002 WL 91607, at *8 (S.D.N.Y. Jan. 24, 2002) ("Thus, even if

Plaintiff received no response to his initial grievance, Plaintiff could have sought the next level of review, in this case, to the prison superintendent."). Accordingly, the Complaint demonstrates on its face that Plaintiff did not exhaust his administrative remedies.

Nevertheless, the Second Circuit has held that under certain circumstances, an inmate's failure to exhaust administrative remedies under the PLRA may be excused. This inquiry is generally guided by the Second Circuit's decision in *Hemphill v. New York*, which directs courts to consider: (1) "whether administrative remedies were in fact available to the prisoner," (2) "whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense," and (3) "whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements." 380 F.3d 680, 686 (2d Cir. 2004). Should an inmate fail to exhaust administrative remedies and fail to set forth facts that would excuse his failure to exhaust, the PLRA bars his claims.

Here, the Complaint does not allege any facts that could excuse Plaintiff's failure to exhaust under *Hemphill*. Plaintiff also did not take advantage of the opportunity to set forth facts in a responsive 56.1 statement to excuse his failure to exhaust. Furthermore, the IGRP process was available to Plaintiffs (56.1 Stmt. ¶ 3), Defendants timely raised the affirmative defense of non-exhaustion (Doc. No. 13), Plaintiff does not allege that AMKC staff retaliated against him or prevented him from pursuing administrative remedies, and Plaintiff does not allege any "special circumstances" that would otherwise justify his failure to comply with the PLRA exhaustion requirements. Therefore, in light of the fact that the Complaint on its face demonstrates that

Plaintiff failed to exhaust administrative remedies, the Complaint fails to allege any facts that would excuse Plaintiff's failure to exhaust under *Hemphill*, and Plaintiff failed to submit a responsive 56.1 statement, the Court finds that Plaintiff's conditions of confinement claims are barred for failure to comply with the administrative exhaustion requirement of the PLRA.

IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT Defendants' partial motion for summary judgment is GRANTED.  The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry 39.

SO ORDERED.

Dated:       June 29, 2015
             New York, New York

                                    _____
                                    RICHARD J. SULLIVAN
                                    UNITED STATES DISTRICT JUDGE

A copy of this Order was sent to:

Gregory Garvin
10-R-1092
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011

Gregory Garvin
10-R-1092
Willard Drug Treatment Campus
7116 County Rd. 132
P.O. Box 303
Willard, New York 14588

Gregory Garvin
10-R-1092
Great Meadow Correctional Facility
P.O. Box 51
Comstock, NY 12821

Gregory Garvin
76 Park Hill Ct.
Staten Island, New York 10304